NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
SHA-KAARII S. MELENDEZ,       )
                              )
         Plaintiff,           )
                              )
    v.                        )
                              )
NEW JERSEY DEPARTMENT         )
OF CHILDREN AND FAMILIES      )
(DIVISION OF YOUTH AND        )
FAMILY SERVICES), GLORIA      )
CAMERON, SEBASTIAN            )
ANTHONY, CARLOS NOVOA,        )   Civil Action No.: 08-1339
GAIL HUNTER, MICHAEL          )
FRASER, CHARLOTTE             )   **OPINION**
MUNNERLYNN, PATRICIA EL       )
BRUCE, JEAN LOUIS-HANSY,      )
REGINA TROUTMAN, JOANNA       )
KARINICOLA, JOYCE SMITH,      )
HENRY EKUNWE, DAVID SIMS,     )
ALLAN DUWAN, JUSTIN           )
KURLAND, ALEXIS MENDOZA,      )
NICHOLE NUNES, LEA            )
DEGUILIO, CHRIS ARNOLD, and   )
JOHN DOES 1-10,               )
                              )
         Defendants.          )
_____)

For Plaintiff: John M. Amorison, Esq.
For Defendants: Deputy Attorney General Rahat N. Babar

**LINARES**, District Judge.

This matter comes before the Court on the motion to amend the complaint [CM/ECF #34]

filed by Plaintiff Sha-Kaarii Melendez ("Plaintiff" or "Melendez") and the motion to dismiss

[CM/ECF #36] filed by Defendants Sebastian Antony, Carlos Novoa, Gloria Cameron-Walton, and Joyce Smith (collectively "Defendants"). No oral argument was held. Fed. R. Civ. P. 78. For the reasons set forth herein, Plaintiff's motion to amend is denied and Defendants' motion to dismiss is granted.

## BACKGROUND

Plaintiff filed suit in order to obtain monetary, declaratory, and injunctive relief against the New Jersey Department of Youth and Family Services ("DYFS") and various individuals due to an alleged violation of her civil rights when DYFS took custody of her children. (Compl. at 13.) Briefly, DYFS received information that Plaintiff's daughters had been physically abused, and removed custody from Plaintiff on an emergency basis on July 4, 2003. (Id.) Further proceedings on July 15, 2003, and July 28, 2003, resulted in an order issued by the Superior Court of New Jersey placing custody of the children with a relative. Litigation continued in state court through at least the first half of 2007. (Id. at 30-32.) The Complaint alleges that Defendants violated Plaintiff's federal constitutional rights under § 1983. (Id. at 41-47.)

## DISCUSSION

Plaintiff submitted her motion to amend without any briefing as to whether or not amendment should be granted under Rule 15. Fed. R. Civ. P. 15(a). As the Amended Complaint is largely similar to the original Complaint, and part of the inquiry under Rule 15 depends upon whether or not the amendment is futile under Rule 12(b)(6), this Court turns first to Defendants' motion to dismiss.

I.      **Motion to Dismiss**

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully;" mere consistency with liability is insufficient. Id. However, a plaintiff is not required to plead every element of a prima facie case, but he must at least make "allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) (internal quotations omitted).

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[;][t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. It is the underlying specific facts alleged in a complaint that should be treated as true and evaluated.

Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). However, "a document integral to or explicitly relied on in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted, alteration in original).

Defendants argue that the Complaint should be dismissed due to Eleventh Amendment immunity, absolute immunity, qualified immunity, the statute of limitations, and the <u>Rooker-Feldman</u> doctrine.  Plaintiff maintains that none of these defenses apply.

First, this Court finds that to the extent that Defendants are state officials sued in their official capacity, they are not amenable to suit under § 1983.  <u>Baraka v. McGreevey</u>, 481 F.3d 187, 210 (3d Cir. 2007).  Second, although this Court would ordinarily reach the issue of absolute immunity first, in light of the argument by analogy Defendants make with respect to absolute immunity—that officials in the New Jersey Department of Youth and Family Services are functionally identical to prosecutors—it is not necessary for the Court to decide that issue, because the statute of limitations proves dispositive.  (Def. Br. at 15-17.)

The statute of limitations in § 1983 claims, such as all of the substantive counts in Plaintiff's original Complaint, is two years.  <u>Cito v. Bridgewater Twp. Police Dept.</u>, 892 F.2d 23, 25 (3d Cir. 1989).  "A section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based."  <u>Sameric Corp. of Delaware, Inc. v. City of Philadelphia</u>, 142 F.3d 582, 599 (3d Cir. 1998).  The Family Court Division of New Jersey Superior Court granted custody of Plaintiff's children to the state in February of 2004.  <u>Division of Youth and Family Services v. S.S.</u>, No. A-3885-03T4, slip op. at 10 (N.J. Super. Ct. App. Div. 2004) (unreported) (hereinafter <u>S.S. I</u>); Compl. ¶ 97.  This is the injury Plaintiff asserts in her Complaint, and it occurred more than four years before this case began, outside the statute of limitations.

Plaintiff argues, in opposition, that a DYFS memorandum from 2003 was discovered by her in 2007, and that it discloses a statement from a DYFS official that no reason was known

after the initial home visit for Plaintiff to lose custody of her children.  This, according to Plaintiff, mandates the use of the discovery rule, which would toll the statute of limitations until 2007.  (Pl. Opp. Br. at 1.)  Plaintiff, however, knew the substance of that memo at the time of the hearing before the Family Court, and the issue was raised at that time.  S.S. I, slip op. at 9 (quoting testimony).  The discovery rule, therefore, does not apply, and all of Plaintiff's claims on her own behalf must be dismissed with prejudice.

Plaintiff also maintains that she brings her claim on behalf of her children, and that the statute of limitations is tolled for them under New Jersey law until they reach the age of 18.  (Pl. Opp. Br. at 1.)  Plaintiff is correct that the statute of limitations is tolled for her minor children until they reach majority.  N.J.S.A. §§ 2A:14-2(a), 2A:14-21.  This Court finds, however, that prudential standing limits Plaintiff's ability to litigate on behalf of her children.

Prudential standing restricts the rights of litigants to sue on generalized grievances, to file a complaint lying outside the area protected by the law at issue, and to assert the rights of third parties.  Elk Grove Unified School Dist. v. Newdow, 542 U.S. 1, 12 (2004).  In discussing the issue of whether or not a non-custodial father could being an Establishment Clause claim on behalf of his daughter, the Court found that the case before it was different than prior cases because not only were the father's interests divergent from those of his daughter, but he was prevented from suing as the next friend of his daughter under a state court injunction.  Elk Grove Unified School Dist., 542 U.S. at 12-18.  The Court explained its ruling on prudential standing as follows:

> it is improper for the federal courts to entertain a claim by a plaintiff whose standing to sue is founded on family law rights that are in dispute when prosecution of the lawsuit may have an adverse

> effect on the person who is the source of the plaintiff's claimed standing. When hard questions of domestic relations are sure to affect the outcome, the prudent course is for the federal court to stay its hand rather than reach out to resolve a weighty question of federal constitutional law.

Id. at 17.  Here, Plaintiff has lost custody of her children due to a finding by the state that she engaged in abuse or neglect. S.S. I, slip op. at 10.  Furthermore, custody litigation concerning Plaintiff and her children is extensive, has continued in state court during the pendency of this case, and legal custody of the children is presently placed with the children's father. New Jersey Div. of Youth and Family Servs. v. S.S., 2009 WL 1847402, at *1-8, *11 (N.J. Super. Ct. App. Div. 2009).  Despite this fact, Plaintiff asks this Court to rule on behalf of her children—alienated from her custody by the state—that their constitutional right to be raised by their mother was violated by the state.  This is a case, as in Elk Grove Unified School District, where a parent's right to sue is based upon disputed family law rights where the person litigating on behalf of certain children may have interests adverse to those of the children.  542 U.S. at 12-18.  This Court, therefore, finds that Plaintiff lacks prudential standing to sue on behalf of her children in this matter, and that those claims must be dismissed.  This dismissal, however, is solely on the basis of Plaintiff's standing to bring a claim on behalf of her children, and not—as was the case with Plaintiff's claims on her own behalf—based on the statute of limitations.

**II.     Motion to Amend**

Plaintiff also has before this Court a motion to amend her complaint.  Her Amended Complaint consists of her entire original complaint, verbatim, with an additional claim against a new defendant added at the end.  Leave to amend is governed by Federal Rule of Civil Procedure 15: "a party may amend its pleading only with the opposing party's written consent or the court's

leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (requiring leave of court or consent after first amendment). The Supreme Court has elaborated on the standard to be applied when considering amendment requiring leave of court:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). "In assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." Shane, 213 F.3d at 115.

Here, this Court has already found that Plaintiff's original Complaint must be dismissed in full. That portion of the proposed amendment is futile and permission to amend is denied with respect to it. The only new claim is for defamation against Jennifer Medford. (Am. Compl. ¶¶ 198-204.) As this is a state law claim, and there are no federal claims remaining, this Court would exercise its discretion and decline supplemental jurisdiction over the defamation claim: this case has not yet entered discovery, and judicial economy dictates that there is no significant interest served by keeping this matter in federal court. 28 U.S.C. § 1367; Growth Horizons, Inc. v. Delaware County, Pa., 983 F.2d 1277, 1284-85 (3d Cir. 1993). The motion to amend is, therefore, denied.

## CONCLUSION

For the reasons heretofore set forth, Defendants' motion to dismiss is granted, and Plaintiff's motion to amend is denied.


DATED: March 16, 2010                                          /s/ Jose L. Linares
                                                               United States District Judge